IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-10-15-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| SKY MIGUEL LITTLE COYOTE, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Little Coyote of violating his conditions of supervised release by (1) failing to report to the probation office as directed, and (2) failing to attend appointments with his probation officer. His supervised release should be revoked, and he should be sentenced to ten months in custody, with no supervision to follow.

## II. Status

Senior United States District Judge Jack Shanstrom sentenced Mr. Little

Coyote to thirty-six months in custody, with thirty-six months of supervised release to follow, on July 14, 2010, after he pleaded guilty to Assault/Resisting/Impeding Officers. (Doc. 32.)

Judge Shanstrom revoked Mr. Little Coyote's supervised release on March 13, 2013, because Mr. Little Coyote used alcohol, failed to attend mental health treatment, and failed to follow his probation officer's instructions. (Doc. 43.) Judge Shanstrom sentenced him to six months in custody, with thirty months of supervised release to follow. (*Id.*)

United States District Judge Susan Watters revoked Mr. Little Coyote's supervised release on July 24, 2014, because he submitted a diluted urine sample, failed to report to his probation officer, failed to appear for urine testing, failed to attend therapy sessions, and used methamphetamine. (Doc. 59.) Judge Watters sentenced him to three months in custody, with twenty-seven months of supervised release to follow. (*Id.*)

Judge Watters revoked Mr. Little Coyote's supervised release again on February 2, 2017, because Mr. Little Coyote failed to report to his probation officer, failed to report for mental health treatment, and failed to report for urine testing. (Doc. 73.) Judge Watters sentenced him to six months in custody, with twenty-one months of supervised release to follow. (*Id.*) He began his current term of supervised release on June 20, 2017.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on July 7, 2017, accusing Mr. Little Coyote of violating the conditions of his supervised release by (1) failing to report to the probation office as directed, and (2) failing to attend appointments with his probation officer. (Doc. 75.) Judge Watters issued a warrant for his arrest based on the allegations in the petition. (Doc. 76.)

**Initial appearance**

Mr. Little Coyote appeared before the undersigned for an initial appearance on July 25, 2017, in Great Falls, Montana. Federal Defender David Ness accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Little Coyote said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Little Coyote admitted to allegations in the petition. The violations are serious and warrant revocation of his supervised release.

Mr. Little Coyote's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony. He could be incarcerated for

up to twenty-four months. He could be ordered to remain on supervised release for twenty-one months, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Ness recommend a sentence of time served and for his supervision to be transferred to Great Falls. Mr. Little Coyote exercised his right of allocution and stated that he was homeless when he was released, and his wife was in bad health. Mr. Cobell recommended a high guideline sentence, with no supervised release to follow.

### III.  Analysis

Mr. Little Coyote's supervised release should be revoked because he admitted to violating its conditions. He should be sentenced to sentenced to ten months in custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Little Coyote was advised that the above sentence would be recommended to Judge Watters.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Watters would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke

his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

Sky Miguel Little Coyote violated the conditions of his supervised release by (1) failing to report to the probation office as directed, and (2) failing to attend appointments with his probation officer.

The Court **RECOMMENDS:**

The district court should enter the attached Judgment, revoking Mr. Little Coyote's supervised release and committing him to the custody of the United States Bureau of Prisons for ten months, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 7th day of August 2017.

John Johnston
United States Magistrate Judge